IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| YASMANY A.S., <br><br> Petitioner, <br><br> v. <br><br> CROW WING COUNTY JAIL, et al., <br><br> Respondents. | Case No. 26-cv-01251-SRB-LIB |

### ORDER

Before the Court is Petitioner Yasmany A.S.'s ("Petitioner") *pro se* Petition for Writ of Habeas Corpus (the "Petition"). (Doc. #1.) As set forth below, the motion is DENIED.

Petitioner is a citizen of Cuba. Petitioner entered the United States in 2021, and was released on his own recognizance. In April 2024, Petitioner was charged with unlawful possession of a controlled substance (cocaine) and unlawfully altering operator's license in West Fargo, Cass County, North Dakota. (Doc. #8-2, p. 3.) Petitioner pled guilty to the possession charge but the altering of a driver's license offense was dismissed. (Doc. #8-2, p. 3.)

In September 2024, Petitioner applied for asylum. On February 5, 2025, Petitioner reported to Grand Forks, North Dakota ICE office and "[b]ecause of a past conviction for possession of cocaine, ICE detained Petitioner and served him a Notice to Appear, Form I-862, charging removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act." (Doc. #7, p. 2.) ICE turned Petitioner over to the United States Marshal Service for prosecution regarding his use of a false driver's license. In May 2025, Petitioner was convicted of 18 USC 1546(a) (fraud and misuse of visas, permits, and related documents, and false personation) and sentenced to time served. Petitioner was turned over to ICE custody. In July 2025, an

immigration judge denied is application for asylum and ordered him removed to Cuba. On August 5, 2025, Petitioner filed an appeal of that removal order, which is still currently pending.

On February 9, 2026, Petitioner filed this pending Petition for Writ of Habeas Corpus and argues that his "detention without a bond hearing for about two months without even seeing an immigration judge violates the Immigration and Nationality Act (INA)." (Doc. #1, p. 7.) He further argues that his detention violates the due process clause.

In an Order dated February 9, 2026, the Court ordered Respondents to file an answer to the Petition. Respondents argue that "Petitioner's continued detention is authorized—indeed, mandated—by statute, particularly 8 U.S.C. § 1226(c) because of his past felony-controlled substance conviction and additional crime of moral turpitude." (Doc. #7, p. 1.) Respondents also attached a warrant for Petitioner dated February 5, 2026, which was the same day of his arrest. (Doc. #8-4.)

Upon review of the record and the parties' arguments, the Court finds that Petitioner is not entitled to habeas relief. Respondents have shown that Petitioner was convicted of unlawful possession of a controlled substance (cocaine) in violation of North Dakota law. (Doc. #8-2.) Under 8 U.S.C. § 1226(c), "[t]he Attorney General shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1). Section 1182(a)(2) provides that an alien is inadmissible upon "convict[ion] of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country

relating to a controlled substance (as defined in section 802 of Title 21)[.]" 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Under these circumstances, the Court agrees with Respondents that "Petitioner is inadmissible for having been convicted of that offense [in North Dakota,] and is therefore subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A).  (Doc. #7, p. 5.)  Consequently, for the foregoing reasons and the additional reasons stated by the Government, Petitioner's request for habeas relief is denied.

Finally, Petitioner filed a notice with the Court on March 5, 2026, stating that he had not received a response from ICE since the Court's February 23, 2026, Order.  He also argued that Cuba is refusing to accept repatriation, so his continued detention is unconstitutional.  The Court ordered Respondents to respond to Petitioner's additional arguments.  On March 9, 2026, Respondents provided an additional certificate of service showing it mailed each of its responses to Petitioner at his address at Crow Wing County Jail.  Further, Respondents provide that Petitioner's argument regarding repatriation is "premature" as his appeal of his immigration case remains pending so there is no final order of removal.  (Doc. #13, p. 1.)  The Court finds these responses sufficient to the issues Petitioner raised.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT** Petitioner's Verified Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 16, 2026

*s/Stephen R. Bough*
Stephen R. Bough
United States District Judge